UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIE CHATEAUNEUF,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-01073-DC-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

This matter is before the court on Petitioner Amelie Chateauneuf's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging her ongoing immigration detention. (Doc. No. 1.) For the reasons explained below, the court will grant Petitioner's motion for a temporary restraining order and will order that within ten days Respondents either provide Petitioner with a bond hearing at which her eligibility for bond must be considered or release her from custody.

**BACKGROUND**

**A.    Factual Background**

Petitioner Amelie Chateauneuf is a native and citizen of Canada. (Doc. No. 1 at ¶ 2.)

/////

/////

/////

1

Petitioner entered the United States without inspection on October 11, 2016.[1] (*Id.*) Petitioner resides with her U.S. citizen significant other and works in agriculture. (*Id.*)

On January 26, 2026, U.S. immigration authorities detained Petitioner after she was arrested for driving without a license. (*Id.* at ¶ 3.) Petitioner has no criminal history besides that arrest. (Doc. Nos. 1 at ¶ 7; 10-3 at 4.) Petitioner is detained in the California City Correctional Facility in California City, California. (Doc. No. 1 at ¶ 5.) Petitioner alleges she has not received adequate medical attention at that facility. (*Id.*) Petitioner has neither formally requested, nor been granted, a bond hearing before an immigration judge in relation to her present detention. (*Id.* at ¶ 15.)

**B.     Procedural Background**

On February 6, 2026, Petitioner filed her habeas petition asserting the following claims against Respondents Christopher Chestnut, Todd M. Lyons, Kristi Noem, and Pam Bondi: (1) violation of Petitioner's Fifth Amendment right to substantive due process relating to Petitioner's continued detention; and (2) violation of Petitioner's Fifth Amendment right to procedural due process relating to Petitioner's continued detention. (Doc. No. 1 at 8–10.) In her petition, Petitioner seeks an order (i) requiring Petitioner's immediate release; (ii) declaring Petitioner's arrest and detention violate the Fifth Amendment Due Process Clause and the Administrative Procedure Act; (iii) enjoining Respondents from deporting Petitioner while these proceedings are pending; (iv) prohibiting Respondents from re-detaining Petitioner following her release absent a custody determination before a neutral arbiter; and (v) awarding Petitioner attorneys' fees and costs pursuant to the Equal Access to Justice Act. (*Id.* at 10.) That same day, Petitioner filed the pending motion for a temporary restraining order arguing that her continued detention violates substantive due process, and that she cannot be detained absent a "hearing before a neutral adjudicator at which the government is held to show that there are sufficient circumstances to

---

[1] Respondents allege that Petitioner did not enter the United States without inspection, and that she was admitted into the United States pursuant to a B-2 Visa (temporary visitor for pleasure) on October 9, 2016. (Doc. Nos. 10 at 1; 10-1 at ¶ 6; 10-2 at 1.) The dispute as to Petitioner's entry into the United States does not impact the court's analysis because, as discussed below, the parties agree that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing.

1 detain her." (Doc. No. 2 at 10–12.)

2 On February 13, 2026, Respondents filed their opposition in which they concede that Petitioner "is subject to discretionary detention under 8 U.S.C. § 1226(a)" but argue that Petitioner "has not exhausted her administrative remedies and her argument that pursuing such administrative remedies would be futile is based on an inaccuracy of her immigration history." (Doc. No. 10 at 1.) Specifically, Respondents note that "Petitioner argues that pursuing administrative remedies would be futile because an immigration judge would deny her a bond hearing under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and *Matter of Q Li.*, 29 I. & N. Dec. 66 (BIA 2025)," but argue that those cases only apply where the petitioner "enters the United States without inspection," whereas "Petitioner was admitted into the United States as a B2 non-immigrant in October, 2016 and, as such, is not subject to mandatory detention under 8 U.S.C. § 1225(b)." (*Id.* at 4.)

On February 12, 2026, Petitioner filed her reply in which she argues that she "informed [the arresting ICE officer] that she did not want to waive her right to proceed with an immigration judge" and that because there is "no registered [B-2] visa entry in the system," "if [P]etitioner requests a bond hearing with the immigration court, [P]etitioner would not likely receive a bond hearing." (Doc. No. 11 at 2.) Petitioner further asserts that Respondents have argued Petitioner "is not entitled to a bond hearing on this matter due to the Respondents' position as to mandatory detention under INA [Immigration and Nationality Act] section 1225(a)(2)(b)." (Doc. No. 11 at 3.) However, Petitioner's summary of Respondents' arguments is not accurate and is contradicted by the statements made in Respondents' opposition, where they concede that Petitioner is subject to discretionary detention under § 1226. (Doc. No. 10 at 4.)

Ultimately, Petitioner requests that the court find that "Petitioner is in fact entitled to a bond hearing where the government has to demonstrate flight risk or danger or in the alternative that [P]etitioner be immediately released as [s]he has been detained in violation of the INA without any due process." (Doc. No. 11 at 3.)

**LEGAL STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). To obtain injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter* factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F.Supp.3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

**DISCUSSION**

**A.     Likelihood of Success on the Merits**

Petitioner contends that she is both constitutionally and statutorily entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) at which an immigration judge must consider whether she is eligible for release from immigration detention. (Doc. No. 2 at 10–12.) Respondents concede that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), and do not dispute that under that statute she is entitled to a bond hearing. (Doc. No. 10 at 4.) Accordingly, Petitioner is likely to succeed on her claim that she is entitled to a bond hearing at which her eligibility for bond must be considered.

Respondents argue, however, that Petitioner's motion should be denied because, as she

concedes, she has not formally requested a bond hearing. (Doc. Nos. 10 at 4; 11 at 3.) Therefore, Respondents contend that she should be required to exhaust her administrative remedies before she seeks habeas relief. (Doc. No. 10 at 4.)

Respondents acknowledge that "[e]xhaustion of the bond hearing remedy is prudential, rather than a jurisdictional requirement." (*Id.*) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Courts may require such prudential exhaustion where:

> Agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d at 988 (citation omitted). Here, the court will waive the prudential exhaustion requirement because the relief that the court will grant by this order—a hearing in front of an immigration judge at which Petitioner's eligibility for bond must be considered—is precisely the relief that prudential exhaustion would require. Further, as Petitioner alleges in her reply, she did initially inform the arresting ICE officer that she wished to appear before an immigration judge, and her entry pursuant to a B-2 visa is not registered with DHS. (Doc. No. 11 at 2.) Thus, there is a chance that absent a court order, an immigration judge would find that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225 and refuse to consider her eligibility for detention under that statute, despite Respondents' concession in their filings in this court. By granting Petitioner's motion in this case, the court ensures that an immigration judge with immigration expertise considers Petitioner's eligibility for release. Further, granting Petitioner's motion does not encourage the deliberate bypass of the administrative scheme because the court's order puts Petitioner in the same position as if she had formally requested a bond hearing.

Accordingly, the court finds that Petitioner is likely to succeed on her claim that she is entitled to a bond hearing at which her eligibility for bond must be considered, and that Petitioner's claim is not precluded by prudential exhaustion.

/////

**B.    Irreparable Harm**

Petitioner will suffer irreparable harm in the absence of a temporary restraining order. Broadly speaking, "[d]eprivation of physical liberty by detention constitutes irreparable harm." *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (citation omitted.) Further, the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention" including "the economic burdens imposed on detainees and their families as a result of detention." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

Therefore, the second *Winter* factor weighs in favor of granting Petitioner's request for injunctive relief.

**C.    Balance of the Equities and Public Interest**

The court now turns to the last two *Winter* factors. The balance of the equities and public interest analyses merge when the government is the opposing party, as is the case in this action. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

"Just as the public has an interest in the orderly and efficient administration of this country's immigration laws, [ ] the public has a strong interest in upholding procedural protections against unlawful detention." *Vargas v. Jennings*, No. 20-cv-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020) (internal quotation omitted). Though Respondents have an interest in enforcing immigration laws, Respondents cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from detaining Petitioner in violation of the applicable law, which is the case here. This relief also benefits the public because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). Accordingly, the court finds that the balance of equities and public interest weigh in favor of injunctive relief and consequently, all four *Winter* factors weigh in favor of Petitioner.

**D.    The Remedy**

In her motion, Petitioner seeks her immediate release. (Doc. No. 2 at 15.) Additionally, Petitioner argues that, should the government seek to re-detain her following her release, the court

6

should enjoin the government from doing so absent "a pre-deprivation hearing before an immigration judge where the Government bears the burden of proving that circumstances have materially changed, rendering Petitioner a danger to the community or a flight risk." (*Id.*) In their opposition, Respondents do not address what the applicable standard of proof would be at any future bond hearing.

As discussed above, the court will waive the prudential exhaustion requirement precisely because this order will result in an immigration judge considering Petitioner's eligibility for parole. Thus, the purpose of the prudential exhaustion waiver would be obviated if the court ordered Petitioner's release without consideration from an immigration judge regarding a bond determination. Further, this court has previously found that where the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release. *Aguilar Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627, at *3 (holding that where petitioner was detained by immigration authorities following discovery of ammunition in her home pursuant to a search warrant, the proper remedy was a post-deprivation bond hearing) (citing *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025); *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK, 2025 WL 3485221, at *5 (E.D. Cal. Dec. 4, 2025)). Here, because Petitioner was detained directly following her arrest for driving without a license (Doc. No. 10-2 at 2), the government has alleged some reason why circumstances warrant her detention at this time.

Finally, the court does not agree that the government bears the burden of proof at Petitioner's bond hearing. Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond because the noncitizen maintained a due process liberty interest in their previous release from custody. *See, e.g., Labrador-Prato v. Noem*, No. 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 1, 2025); *Selis Tinoco v. Noem*, No. 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025). Here, on the other hand, the government has made

7

no initial determination regarding Petitioner's flight or safety risk and has not previously released Petitioner from detention. Accordingly, this court's prior decisions do not support requiring the government to bear the burden of proof at Petitioner's bond hearing. Moreover, because the court will release Petitioner on statutory rather than constitutional grounds, the court finds that the regulatory protections provided in 8 C.F.R. § 1236.1(c)(8) are the applicable standard for Petitioner's initial bond hearing. *See Matter of Adeniji*, 22 I. & N. Dec. 1102, at 1112 (BIA 1999) (holding that in initial custody determination under 8 U.S.C. § 1226(a)(2) "to be eligible for bond, the respondent must demonstrate that his 'release would not pose a danger to property or persons, and that (he) is likely to appear for any future proceeding'") (citing 8 C.F.R. § 1236.1(c)(8)). Other courts in the Ninth Circuit have recognized this distinction in the burden of proof as to claims predicated on constitutional relief, as opposed to claims predicated on statutory relief. *See, e.g., Zaitsev v. Warden, Adelanto ICE Processing Ctr.*, No. 26-cv-00454-SPG-AS, 2026 WL 391429, at *11 (C.D. Cal. Feb. 9, 2026) (noting that where the immigration judge placed the burden of proof on the government in a 1226(a) hearing, "the [immigration judge] held the government to a higher standard than set out in BIA regulations, *see* 8 C.F.R. § 1236.1(c)(8), and the same standard or higher than what the Constitution requires").

**E.   Security**

Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief 'only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Fed. R. Civ. P. 65(c)). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, '[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" *Johnson*, 572 F.3d at 1086 (quoting *Jorgensen*, 320 F.3d at 919). Neither party addresses the issue of security in their briefing.

The court finds that no security is required here. Courts regularly waive security in cases

8

like this one. *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Lepe*, 801 F. Supp. 3d at 1120; *Pinchi v. Noem*, No. 25-cv-05632- RMI-RFL, 2025 WL 1853763, at *4 (N.D. Cal. Jul. 4, 2025).

## CONCLUSION

For the reasons stated above:

1. Petitioner's motion for a temporary restraining order (Doc. No. 2) is GRANTED as follows:

    a. Within ten days of the date of entry of this order, Respondents shall provide Petitioner with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that she is not a flight risk or a risk to community safety;

    b. If Petitioner is not provided a bond hearing within ten days of the date of entry of this order, she shall be released from Respondents' custody; and

2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **February 25, 2026**

Dena Coggins
United States District Judge

9